Not for Publication in West's Federal Reporter

# United States Court of Appeals
## For the First Circuit

No. 11-2408

BEATO MELO QUIROZ,

Petitioner,

v.

ERIC H. HOLDER, JR., Attorney General,

Respondent.

PETITION FOR REVIEW OF AN ORDER OF
THE BOARD OF IMMIGRATION APPEALS

Before

Torruella, Stahl and Thompson, Circuit Judges.

Glenn L. Formica and Tiffany L. Sabato, on brief for petitioner.
Karen L. Melnik, Trial Attorney, Office of Immigration Litigation, Stuart F. Delery, Acting Assistant Attorney General, United States Department of Justice Civil Division, and Douglas E. Ginsburg, Acting Director, Office of Immigration Litigation, on brief for respondent.

August 2, 2012

**STAHL**, **Circuit Judge**.   Beato Melo Quiroz, a legal permanent resident of the United States and a citizen of the Dominican Republic, challenges the determination by the Board of Immigration Appeals (BIA) that he is removable because his conviction under Conn. Gen. Stat. § 21a-277(a) constituted both an aggravated felony and a violation of a law relating to a controlled substance.   Reaching only the aggravated felony issue, we find no error in the BIA's determination, and we therefore dismiss Quiroz's petition for lack of jurisdiction.

## I. Facts and Background

Quiroz, a native and citizen of the Dominican Republic, entered the United States at some point prior to December 1, 1990, the day on which his immigration status was adjusted to legal permanent resident.   On November 26, 2008, Quiroz appeared in Connecticut state court to plead guilty to possession of narcotics with intent to sell under Conn. Gen. Stat. § 21a-277(a).   During the plea colloquy, the prosecutor recounted events that took place in late November 2007:[1]

> DEA agents working in conjunction with West Hartford Police had set up a controlled purchase from a confidential informant from this defendant of an amount of heroin.   That purchase was observed under surveillance. This defendant returned and was found to have a white, powdery substance suspected to be

[1] The transcript and judgment are both unclear as to the exact date of the offense.

-2-

heroin. The substance weighed out after lab testing at 4.4 grams.

Quiroz then affirmed to the court that the prosecutor's description was "what happened that day." The court informed Quiroz that his guilty plea might lead to his deportation from the United States, which Quiroz stated he understood. The court accepted his guilty plea and ordered a suspended sentence of five years of incarceration and three years of probation.[2]

On March 25, 2011, the Department of Homeland Security issued Quiroz a Notice to Appear (NTA) for removal proceedings. The NTA charged that the November 26, 2008 conviction rendered Quiroz removable under the Immigration and Nationality Act (INA) on two grounds: first, because the conviction related to a controlled substance, see 8 U.S.C. § 1227(a)(2)(B)(i); and second, because the conviction constituted an aggravated felony, see id. § 1227(a)(2)(A)(iii). Quiroz contested both of these charges.

Quiroz appeared before the immigration judge (IJ) on June 30, 2011. The IJ issued an oral decision on the same day, determining that Quiroz had been convicted of "possession of heroin

_____

[2] After pleading guilty, Quiroz filed both a writ of coram nobis and a motion for a new trial, alleging ineffective assistance of counsel based on the alleged failure of his attorney to explain the immigration consequences of his plea. See Padilla v. Kentucky, 130 S. Ct. 1473, 1478 (2010). The Connecticut state court denied the writ and dismissed the motion. State v. Quiroz, No. HI4HCR080622781, 2011 WL 5307377, at *1 (Conn. Super. Ct. Oct. 18, 2011). Quiroz has represented to this court that he has not filed an appeal of that order.

-3-

with intent to sell, in violation of Connecticut law." The IJ found, based on the evidence presented, that the government had proven "by clear, convincing, and unequivocal evidence," that Quiroz was removable based on both charges in the NTA and ordered him removed to the Dominican Republic. The IJ also denied Quiroz's request for a continuance so that he could pursue a vacatur of his state court conviction via a combined petition for a writ of coram nobis and motion for a new trial. Quiroz appealed to the BIA.

On November 3, 2011, the BIA issued a comprehensive opinion affirming each of the IJ's various holdings. The BIA found that the Connecticut conviction was categorically a "controlled substance violation" because the Connecticut statute was no broader than its federal corollary in terms of the substances proscribed by each law. Next, the BIA found that while the Connecticut statute was broader than the federal Controlled Substances Act (CSA) in terms of conduct proscribed, Quiroz's conviction was still an aggravated felony, because after employing the modified categorical approach, Quiroz's crime was "comparable to the federal felony offense of possession of heroin with intent to distribute . . . , which is punishable by up to 20 years in prison, and therefore [Quiroz] was convicted of an aggravated felony drug trafficking offense and is removable . . . ." The BIA also found that the IJ did not err in denying the continuance, because Quiroz's pursuit in state court constituted a collateral attack, which would not affect

-4-

the finality of his conviction for purposes of removal. Quiroz timely appealed to this court.

## II. Discussion

While we ordinarily lack jurisdiction to review a final order of removal based on a criminal conviction covered by the INA, we "retain jurisdiction to consider constitutional claims or questions of law." Larngar v. Holder, 562 F.3d 71, 75 (1st Cir. 2009) (citing Conteh v. Gonzales, 461 F.3d 45, 63 (1st Cir. 2006)). The BIA's determination as to whether a given violation of a state criminal statute constitutes an aggravated felony is a question of law, which we review de novo. Conteh, 461 F.3d at 52. The same holds true for our review of the BIA's determination that a violation of a state statute constitutes a controlled substances violation. Urena-Ramirez v. Ashcroft, 341 F.3d 51, 53-54 (1st Cir. 2003). However, if we conclude that Quiroz has been convicted of a covered offense, we do not have jurisdiction to review claims of alleged factual errors. See Larngar, 562 F.3d at 75; Conteh, 461 F.3d at 63 ("[J]udicial review of the factual findings underlying a removal order based on an aggravated felony conviction remains foreclosed."). In fact, if we determine that Quiroz was convicted of a covered offense, we must dismiss for lack of jurisdiction. Aguiar v. Gonzáles, 438 F.3d 86, 88 (1st Cir. 2006).

The BIA premised Quiroz's removability on two grounds, both reliant on his conviction for violating Conn. Gen. Stat.

-5-

§ 21a-277(a). First, it found that he was removable based on having been convicted of a violation of a law relating to a controlled substance. See 8 U.S.C. § 1227(a)(2)(B)(i); Urena-Ramirez, 341 F.3d at 54. Second, the BIA determined that Quiroz was removable because his state court conviction constituted an "aggravated felony." See 8 U.S.C. § 1227(a)(2)(A)(iii); Conteh, 461 F.3d at 52.

"Any alien who is convicted of an aggravated felony at any time after admission is deportable." 8 U.S.C. § 1227(a)(2)(A)(iii); see also Conteh, 461 F.3d at 52. The statute lists such "aggravated felonies" at 8 U.S.C. § 1101(a)(43), which includes "illicit trafficking in a controlled substance (as defined in section 802 of Title 21), including a drug trafficking crime (as defined in section 924(c) of Title 18)," id. § 1101(a)(43)(B). Section 924(c) of Title 18 defines "drug trafficking crime" as "any felony punishable under the Controlled Substances Act." 18 U.S.C. § 924(c)(2). Because Quiroz was convicted under state law, we employ the "hypothetical federal felony" methodology, under which we examine "whether the underlying offense would have been punishable as a felony under federal law." Behre v. Gonzales, 464 F.3d 74, 84 (1st Cir. 2006).

We begin our examination by asking whether the statute of conviction categorically qualifies as an aggravated felony, that is, whether the Connecticut statute necessarily involves every

-6-

element of a federal felony covered under the INA. See Conteh, 461 F.3d at 53-54, 56. If it does, then the fact of conviction alone is enough to satisfy the government's burden to show that the petitioner is removable. Id. at 56. If the statute of conviction is broader than an offense enumerated in the INA, then we employ a modified categorical approach, under which "the government bears the burden of proving, by clear and convincing evidence derived solely from the record of the prior proceeding, that (i) the alien was convicted of a crime and (ii) that crime involved every element of one of the enumerated offenses." Id. at 55. The record of conviction is defined by 8 U.S.C. § 1229a(c)(3)(B) and includes "[a]n official record of judgment and conviction," id. § 1229a(c)(3)(B)(i), "[a]n official record of plea, verdict, and sentence," id. § 1229a(c)(3)(B)(ii), and "[o]fficial minutes of a court proceeding or a transcript of a court hearing in which the court takes notice of the existence of the conviction," id. § 1229a(c)(3)(B)(iv), among other documents and records. See also Conteh, 461 F.3d at 57-58.

The CSA makes it unlawful for a person "knowingly or intentionally . . . to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance." 21 U.S.C. § 841(a)(1). Meanwhile, the Connecticut statute punishes a person who "manufactures, distributes, sells, prescribes, dispenses, compounds, transports

with the intent to sell or dispense, possesses with the intent to sell or dispense, offers, gives or administers to another person any controlled substance which is a hallucinogenic substance other than marijuana, or a narcotic substance . . . ." Conn. Gen. Stat. § 21a-277(a). Quiroz argues, and the BIA agreed, that the Connecticut statute criminalizes more conduct than the federal statute, as it covers compounding, offering, giving, or administering a controlled substance, where the federal statute contains no explicit equivalents. Without deciding the issue, we assume no error in the BIA's conclusion that Conn. Gen. Stat. § 21a-277(a) sweeps more broadly than the CSA, and we thus proceed to the modified categorical approach.

Based on the plea colloquy, an actual sale took place between Quiroz and the confidential informant, and Quiroz's conduct therefore qualifies as "distribution" under the CSA.[3] None of the activities that are explicitly criminalized in Connecticut but not under federal law are implicated in any way. Quiroz, found to be in possession of 4.4 grams of what the BIA supportably found to be

---

[3] The CSA states that the term "distribute" "means to deliver (other than by administering or dispensing) a controlled substance." 21 U.S.C. § 802(11). The term "deliver" is defined as "the actual, constructive, or attempted transfer of a controlled substance or a listed chemical, whether or not there exists an agency relationship." Id. § 802(8). There can be no dispute that participation in an actual sale constitutes distribution under the CSA. See, e.g., United States v. Castro, 279 F.3d 30, 34 (1st Cir. 2002).

heroin,[4] a Schedule I controlled substance, see 21 U.S.C. § 812, Schedule I(b)(10), would have been eligible under the CSA for a sentence of up to twenty years, see id. § 841(b)(1)(C). His conviction therefore would have constituted a felony.[5] Consequently, Quiroz is removable based on his conviction, which is comparable to the federal drug trafficking felony laid out in 21 U.S.C. § 841(a)(1). Because Quiroz is removable as a person convicted of an aggravated felony, we are compelled to dismiss for lack of jurisdiction, see Aguiar, 438 F.3d at 88, and we therefore need not reach the BIA's determination regarding Quiroz's

_____

[4] Quiroz challenges the BIA's finding that the substance that he possessed when arrested was in fact heroin. Though the government's burden to prove that Quiroz was convicted of an aggravated felony is by clear and convincing evidence, see Conteh, 461 F.3d at 55, our review of the facts found by the BIA is, as always, for substantial evidence, see 8 U.S.C. § 1252(b)(4)(B) ("[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary."); Mayorga-Vidal v. Holder, 675 F.3d 9, 13 (1st Cir. 2012). There is some dispute among the circuits as to whether a more demanding version of the substantial evidence standard applies when combined with a clear-and-convincing burden of proof. Compare Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004) (en banc) (concluding that no heightened standard is required), with Francis v. Gonzales, 442 F.3d 131, 138-39 (2d Cir. 2006) (concluding, in agreement with the Sixth and Ninth Circuits, that the task of a court of appeals in this context is to determine whether "any rational trier of fact would be compelled to conclude that the proof did not rise to the level of clear and convincing evidence"). We need not decide on which side of the split we fall, because here, under either version of the standard, we think the BIA's explicit finding that "the narcotic substance which the respondent possessed was in fact heroin" was amply supported by the plea colloquy.

[5] Federal convictions that are punishable by more than one year are classified as felonies. See 18 U.S.C. § 3559(a).

-9-

removability for a violation of a law relating to a controlled substance.

There is a final wrinkle to smooth out: Quiroz also appeals the BIA's denial of his motion to continue his removal proceedings so that he could pursue the vacatur of his state conviction, which provides the basis for his removability. In Connecticut state court, Quiroz filed a combined petition for a writ of coram nobis and motion for a new trial, based on a claim that his attorney did not adequately warn him of the immigration consequences of his guilty plea. See Padilla v. Kentucky, 130 S. Ct. 1473 (2010) (holding that an attorney's failure to advise a client of the immigration consequences of a guilty plea can constitute a violation of the Sixth Amendment right to counsel). The IJ denied the motion to continue, concluding that Quiroz's attempts in state court constituted collateral attacks that would not affect the conviction for purposes of removability. The BIA affirmed on the same grounds.

Shortly before the BIA issued its decision, the Connecticut Superior Court issued an order denying the writ of coram nobis and dismissing the motion for a new trial. State v. Quiroz, No. HI4HCR080622781, 2011 WL 5307377, at *1 (Conn. Super. Ct. Oct. 18, 2011). On July 19, 2012, Quiroz represented to this court that he was not pursuing an appeal of that order. The government here argues that this issue is moot. We agree that we

-10-

do not have jurisdiction to address this issue, as we no longer have the ability to "grant any effectual relief whatever," since Quiroz has no further redress in state court that a continuance would allow him to pursue. <u>N.H. Motor Transp. Ass'n</u> v. <u>Rowe</u>, 448 F.3d 66, 73 (1st Cir. 2006) (internal quotation marks omitted).

### III. Conclusion

We <u>dismiss</u> the petition for review for lack of jurisdiction.